```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                       :
UNITED STATES OF AMERICA,              :
                                       :
     Plaintiff,                        :
                                       :
v.                                     :  CASE NO. 3:03CV01625(RNC)
                                       :
$65,930.00 IN UNITED STATES            :
CURRENCY, SEIZED FROM SAFE             :
DEPOSIT BOX NO. 635 AT PEOPLE'S        :
BANK,                                  :
                                       :
     Defendant.                        :
```

RULING AND ORDER

This forfeiture action involves $65,930 in United States currency seized from a safe deposit box in connection with a criminal investigation conducted by the Statewide Narcotics Task Force ("Task Force"). The government alleges that the currency is traceable to illegal drug transactions and thus should be forfeited to the government pursuant to 21 U.S.C. § 881(a)(6). Claimant Anthony Colon ("Colon") seeks to have a portion of the money returned to him and has filed a motion for summary judgment. He contends that the government failed to commence this action in a timely manner and cannot prove that his portion of the money is tainted by illegality. For reasons set forth below, I conclude that the action was timely filed and that there is a genuine issue of material fact as to the source of the money. Accordingly, Colon's motion for summary judgment is denied.

I.   Background

The pleadings, affidavits and other exhibits on file, viewed most favorably to the government, show the following.  In February 2003, the Task Force received a tip that Eliezer Cotto was dealing drugs and Colon was handling money generated by the drug operation.  Law enforcement officers arrested Cotto after seeing him engage in a drug deal and finding drugs in his coat and car.  A search of Cotto's residence turned-up keys to three safe deposit boxes, including the one involved here, which was registered to Colon.  A search of the box pursuant to a warrant resulted in the seizure of $65,930 in cash.

On May 13, 2003, the Drug Enforcement Administration sent notice of the seizure to Colon, informing him that if he wished to contest the forfeiture, he had to file a claim with the DEA's forfeiture counsel by June 17, 2003.  The notice gave the address to which the claim should be sent and explained that a "petition, claim, or other correspondence will be deemed filed when actually received by the DEA Asset Forfeiture Section . . . ."  U.S. Dep't of Justice Drug Enforcement Administration Notice of Seizure, Claimant's Mem. Supp. Summ. J, Ex. B.  On or about June 17, 2003, Colon mailed a document to the DEA entitled "motion for return of seized property."  The document arrived at the DEA's facility on June 24, 2003, went through security screening, and was received by the Asset Forfeiture Section on June 25, 2003.

The government filed a verified complaint of forfeiture in this court on September 23, 2003.[1]

## II.  Discussion

### A.  Summary Judgment Standard

Summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard all evidence favorable to the movant that a jury would not have to believe.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). Applying this standard to the record before the court, Colon's motion for summary judgment must be denied.

### B. The Government's Complaint Is Not Time-Barred

One who wishes to contest a nonjudicial civil forfeiture may "file a claim with the appropriate official".  18 U.S.C. § 983(a)(2)(A) (2000).  The claim must be "filed not later than the deadline set forth in a personal notice letter."  18 U.S.C. § 983(a)(2)(B) (2000).  The statute provides that "[n]ot later than

---

[1] On June 12, 2003, just days before Colon mailed his claim, DEA's Asset Forfeiture Section received a claim from Cotto alleging that $28,000 of the currency seized from the safety deposit box belonged to him.  Cotto later pleaded guilty to possession with intent to distribute and distribution of heroin, and abandoned any claim to the seized currency.  As a result, $28,000 of the currency has been forfeited to the government.

90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties."  18 U.S.C. § 983(a)(3)(A) (2000).  If the government fails to file a timely complaint, it must "promptly release the property" and "may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."  18 U.S.C. § 983(a)(3)(B) (2000).

The timeliness issue in this case turns on when an administrative claim is "filed" within the meaning of this statute.  Colon contends that a claim is filed when it is placed in the mail to the appropriate official of the seizing agency.  If this interpretation is correct, the mailing of Colon's claim to the DEA triggered the running of the 90-day period in which this forfeiture action had to be commenced, and the complaint is time-barred.[2]  The government, on the other hand, contends that an administrative claim is "filed" on the day it is received by the seizing agency.  If this is the correct interpretation, then

---

[2] Colon also argues that his claim should be deemed filed as of June 17, 2003, because on that date he filed the motion for return of seized property in Cotto's criminal case, but he has not shown that the Assistant United States Attorney who received a service copy of the motion in the criminal case was an "appropriate official" with whom the claim could be filed.

4

the complaint in this action was timely filed within 90 days after Colon's claim was received by the DEA's Asset Forfeiture Section.[3]

I think the government's interpretation of the term "filed" is correct.  The statute uses this term to prescribe both the time within which a claim must be filed with a seizing agency and the time within which a forfeiture complaint must be filed in court.  In the absence of any indication to the contrary, Congress presumably intended the term to have the same meaning in both contexts because "[a] term appearing in several places in a statutory text is generally read the same way each time it appears."  United States v. Gabriel, 125 F.3d 89, 101 (2d Cir. 1997)(internal quotation omitted).  At the time the statute was enacted, it was well-established that a document is deemed filed in federal court only when it is delivered into the actual custody of the Clerk, not when it is placed in the mail.  See United States v. White, 980 F.2d 836, 844-45 (2d Cir. 1992); see also McIntosh v. Antonino, 71 F.3d 29, 36 (1st Cir. 1995) ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them"); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989)(per curiam) (same); Torras

---

[3] This would be true whether the date of actual receipt is deemed to be the date the claim was received at the DEA's facility or the date it was received by the Asset Forfeiture Section.

Herreria y Construcciones, S.A. v. M/V Timur Star, 803 F.2d 215, 216 (6th Cir. 1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline"); Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir. 1984) (stating that a notice of appeal is deemed filed when it is received by the clerk, and that "simply depositing the notice in the mail is not the same as filing it").  Since Congress undoubtedly was aware of this rule, it is reasonable to conclude that, in enacting the statute, it intended the rule to be applied to both the filing of claims with a seizing agency and the filing of complaints in court.  See Gottlieb v. Carnival Corp., 436 F.3d 335, 338 (2d Cir. 2006) ("background principles of law in effect at the time Congress passes a statute can be useful in statutory interpretation") (internal quotation omitted).  In fact, if Congress intended that a claim should be deemed filed when mailed -- in other words, if it intended such filings to be governed by the exception known as the "mailbox rule" --  it easily could have said so, as it has in the context of the filing of tax returns.[4]  Nothing in the statute's text or legislative history

---

[4] See Weisbart v. United States, 222 F.3d 93, 96 (2d Cir. 2000).  Colon seems to contend that he should receive the benefit of the "mailbox rule," which has been applied in forfeiture proceedings involving prisoners.  See Longenette v. Krusing, 322 F.3d 758, 765 (3d Cir. 2003).  But the justification for applying this exception in the prison context – the prisoner's usual dependency on prison officials and the mail -- is wholly inapplicable here.

6

suggests that Congress wanted the "mailbox rule" to apply to the filing of administrative claims.[5]  Accordingly, I find that Colon's claim was not filed until it was actually received by the DEA and that this action was timely filed within 90 days thereafter.[6]

    C.  <u>The Source of the Money is Genuinely Disputed</u>

To prevail in this action, the government must establish by a preponderance of the evidence a substantial connection between the money and the criminal offense.  18 U.S.C. § 983(c) (2000). The government is not required to link the funds to a particular drug transaction and may rely on circumstantial evidence to establish the requisite connection to illegal conduct.  <u>See United States v. All Right, Title and Interest in Real Prop. and Appurtenances Thereto Known as 785 St. Nicholas Ave. and 789 St.</u>

---

[5] If anything, the legislative history supports the government's interpretation.  <u>See</u> <u>Civil Asset Forfeiture Reform Act: Hearing Before the H. Comm. on the Judiciary</u>, 105th Cong. 159 (June 11, 1997), <u>available at</u> http://commdocs.house.gov/committees/judiciary ("if a person files a claim letter with the seizing agency, the U.S. Attorney would then have to file a civil forfeiture claim within 90 days of the receipt of the claim letter") (statement of David B. Smith, Esq. on behalf of the National Association of Criminal Defense Lawyers).

[6] <u>See</u> <u>United States v. $39,480.00</u>, 190 F. Supp. 2d 929, 931 (W.D. Tex. 2002) (calculating the statute's 90 day filing period from the day the claim was date-stamped received by the DEA); <u>see also</u> Stefan D. Cassella, <u>The Civil Asset Forfeiture Reform Act of 2000: Expanded Gov't Forfeiture Auth. and Strict Deadlines Imposed on All Parties</u>, 27 J. Legis. 97, 144 (2001) ("the ninety days begins to run from the date the claim is received by the seizing agency, not the date on which it was mailed by the claimant").

Nicholas Ave., 983 F.2d 396, 405 (2d Cir. 1993).  Colon contends that the government cannot make this showing.  Viewing the record in a manner most favorable to the government, I disagree.

In determining whether the government can prove the requisite connection between the funds and drug activity, an important factor to consider is the strength -- or weakness -- of Colon's evidence that the funds were derived from a legal source. See Alli-Balogun v. United States, 281 F.3d 362, 372 (2d Cir. 2002) (affirming district court's refusal to credit claimant's testimony that he paid for a Range Rover out of his life savings when he earned no more than $27,000 annually and supported a spouse and four children).  Colon alleges that $24,800 of the seized funds came from the sale of a car and equipment by his business, General Repair Division, LLC ("General Repair"). (Colon Aff. ¶ 7.)  He does not provide receipts for these sales, however, and the sale proceeds do not appear in General Repair's tax returns.  (Gilday Aff. ¶ 10.)  He further alleges that $13,130 of the seized funds came from savings.  (Colon Aff. ¶ 8.) But his reported earnings for the years 2000 and 2001 were below the poverty level.  (Gilday Aff. ¶¶ 5-6.)  Also at that time, his bank account had a negative balance.  (Id. ¶ 7.)

In the absence of documentary evidence tending to corroborate Colon's disputed claim regarding the source of the funds -- documentary evidence he reasonably could be expected to

have if his claim is true -- and in view of the evidence that tends to cast doubt on the claim's validity, Colon is not entitled to judgment as a matter of law.

III. Conclusion

Accordingly, the motion for summary judgment (Doc. # 31) is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 28th day of March 2006.

                              _____\s\_____
                                    Robert N. Chatigny
                                United States District Judge